UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY FAIRCLOTH, | No. 2:16-cv-1259 CKD P |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c). ECF No. 4. On August 15, 2016, the court dismissed a complaint brought by plaintiff pursuant to 42 U.S.C. § 1983, with leave to amend. Plaintiff has now filed a document titled "amended complaint."

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The court has reviewed plaintiff's "amended complaint" and finds it nearly impossible to decipher. As best the court can tell, and it is not at all clear, it appears plaintiff is attempting to

1  challenge his conviction and sentence.  If that is the case, his sole remedy in this court is a writ of

2  habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  For these reasons, the court will

3  dismiss this action 42 U.S.C. § 1983 action.  Leave to amend a second time will not be granted as

4  that appears futile.[1]

5      In accordance with the above, IT IS HEREBY ORDERED that:

6      1.  Plaintiff's amended complaint is dismissed for failure to state a claim upon which

7  relief can be granted; and

8      2.  This case is closed.

9  Dated:  October 21, 2016

10  _____
    CAROLYN K. DELANEY
11      UNITED STATES MAGISTRATE JUDGE

14  [1]
15  fair1259.dis

---

[1] If plaintiff does wish to challenge his conviction and sentence, he may wish to initiate an action seeking a writ of habeas corpus.  The form used by California prisoners seeking federal habeas relief should be available in the law library at plaintiff's prison.  Plaintiff is advised, however, that any claim presented in a habeas action in this court must first be presented to and rejected by the California Supreme Court.  See Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).